UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DANIEL PARLIN, et al.,<br><br>Defendant(s). | Case No. 2:14-CR-299 JCM (CWH)<br><br>ORDER |

Presently before the court is the matter of *United States v. Parlin et al.*, case number 2:14-cr-00299-JCM-CWH-5.

On May 18, 2016, the court sentenced defendant Erica Steffens to 188 months of custody to be followed by three years of supervised release for conspiring to distribute controlled substances. (ECF Nos. 170, 175). On May 14, 2019, the federal bureau of prisons ("BOP") sent a letter to the court regarding defendant's term of custody.

The letter explained that on June 16, 2016, the State of Nevada sentenced defendant to a 12 to 48-month term of custody for obtaining and using personal identification information of another in case number C-16-311836-1. The letter also explained that on July 12, 2016, the State of Nevada sentenced defendant to a 12 to 48-month term of custody for forgery in case number C-14-299387-1, to be served concurrently with the sentence in C-16-311836-1. The BOP represents that it obtained information indicating that the state court intended both sentences to run concurrently with defendant's federal sentence.

The BOP requests that the court indicate whether the defendant's federal sentence is to run concurrent or consecutive to defendant's state custody. Generally, a federal court cannot order a sentence to run concurrently or consecutively with a term of custody that has not already

**James C. Mahan**
**U.S. District Judge**

been imposed at the time of sentencing. *United States v. Montes-Ruiz*, 745 F.3d 1286, 1290 (9th Cir. 2014). However, this rule does not apply to state sentences which state courts have not yet imposed at the time sentencing. *Id.* (citing *Setser v. United States*, 566 U.S. 231, 244 (2012)). Thus, because the terms of custody at issue are state sentences, the court has discretion to order defendant's federal sentence to run concurrent or consecutive to those state sentences. *See id*.

The court considers the nature of defendant's offense, facts disclosed in the presentence investigation report, and the state court's intentions. To ensure that the punishment in this case is not greater than necessary to address the seriousness of the crime and to deter criminal conduct, defendant's federal sentence shall run concurrently with defendant's state sentences. *See* 18 U.S.C. § 3553(a).

Accordingly,

IT IS SO ORDERED.

DATED May 28, 2019.

_____
UNITED STATES DISTRICT JUDGE